## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

GLEN DALE HAMMON,  )
  )
          Petitioner,  )
vs.  )        NO. CIV-04-1007-HE
  )
DAVID MILLER,  )
  )
          Respondent.  )

### ORDER

Petitioner Glen Hammon, a state prisoner initially appearing *pro se*, instituted this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus.  After this court's adoption of Magistrate Judge Doyle W. Argo's previous Report and Recommendation, the Tenth Circuit Court of Appeals reversed and remanded the matter for an evidentiary hearing as to whether petitioner's appellate counsel was ineffective for failing to assert that his trial counsel had a conflict of interest and whether trial counsel was ineffective due to the existence of an actual conflict.  Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was re-referred to Magistrate Judge Argo, who held the evidentiary hearing and recommended that the petition for habeas relief be denied.

Petitioner has filed an objection to the Report and Recommendation.  However, upon review of the record, the court rejects petitioner's assertion that the facts established at the evidentiary hearing "are close enough to what Mr. Hammon alleged in his *pro se* pleadings..."  The magistrate judge clearly and extensively noted the significant differences between the facts established at the hearing and what the petitioner alleged.  *See* Report and

Recommendation, p. 22-25.  Petitioner also argues that the magistrate judge largely ignored key testimony by Eddie Jackson, petitioner's trial counsel.  As the magistrate judge noted, while some of Mr. Jackson's testimony was favorable to petitioner, overall his testimony, combined with other evidence, established the following: (1) the statement Demarcus Hammon made in his plea summary was no more incriminating than the statement he had already given to the police, (2) calling Demarcus as a witness for petitioner was never part of the defense strategy because his testimony would have been damaging as to the drug charge and his impeachment as to the drugs would potentially harm his exculpatory testimony as to the gun, (3) Demarcus' plea agreement did not require him to testify for the prosecution or prohibit him from testifying for the petitioner and his plea summary was never admitted into evidence in petitioner's trial, and (4) petitioner was aware of Demarcus' plea agreement and that he was not going to testify on petitioner's behalf before his trial began. In these circumstances, the plea bargain with Demarcus Hammons did not effectively prevent him from providing exculpatory statements so as to constitute an actual conflict for trial counsel.

After conducting a *de novo* review of petitioner's objections, the court concurs with the magistrate judge's conclusion that Mr. Jackson's trial strategy was reasonable under the circumstances and was not the result of a conflict of interest or competing loyalties.  The court likewise agrees that when Andreas Pitsiri, petitioner's counsel on appeal, reviewed the case file for appeal what he likely saw was that trial counsel had pursued a reasonable strategy and not evidence of a conflict of interest.  Thus, petitioner has not shown that Mr. Pitsiri performed unreasonably in failing to raise a conflict of interest claim or that there is

a reasonable probability that, if a conflict of interest claim had been raised, the result of his appeal would have been different.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #54] and **DENIES** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2008.

JOE HEATON
UNITED STATES DISTRICT JUDGE